.In re ELY'S ESTATE.

(Surrogate's Court, New York County.   March 6, 1912.)

TAXATION (§ 866*)—TRANSFER TAXES—PROPERTY.

Where the donor in a trust deed, which provided for payment of the income to the cestui for life with remainders over, reserved the power to revoke, annul, or amend the trust, and receive back as his property the fund constituting the trust, the donor retained such an interest in the trust that the fund was subject to transfer taxes upon his death.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 866.*]

In the matter of the estate of Smith Ely.   Application by a trustee to have declared exempt the corpus of a trust fund.   Application denied.

Stewart & Shearer, of New York City, for petitioner.

Thos. E. Rush, of New York City, for State Comptroller.

FOWLER, S.   This is an application by the trustee of a trust fund to have the corpus of the trust fund declared exempt from taxation under the Transfer Tax Law.   The decedent, who was a resident of New York, died on the 1st of July, 1911.   On the 17th of October, 1904, he executed a trust deed by which he granted and transferred to the United States Trust Company of New York, as trustee, 100 shares of the preferred stock of the American Chicle Company; the income therefrom to be applied to the use of Minnie E. Leo during her life, and upon her death the said income to be applied to the use of her daughter, Essie B. Leo, during her life, and upon the death of the survivor the corpus of the trust fund to be transferred and delivered to the issue of Essie B. Leo her surviving.   The trust deed further provided that the grantor could at any time during his lifetime, by a writing filed with the trustee, revoke, annul, or amend the trust and receive back as his absolute property the said shares of stock or the investments or property constituting the trust fund.   The decedent did not exercise the power reserved to him to amend, annul, or revoke the said deed of trust.

In the Matter of Masuri, 28 App. Div. 580, 51 N. Y. Supp. 331, affirmed without opinion 159 N. Y. 532, 53 N. E. 1127, one of the deeds of trust executed by the decedent provided that the income be paid to the guardian of the donor's grandson during the minority of the grandson, and that the corpus of the trust fund should be paid to the grandson in 1904.   The deed also contained a clause authorizing the grantor to revoke or annul the same during his lifetime.   The court held that the property granted and transferred by the deed of trust was not taxable under the provisions of the Transfer Tax Law.

In the Matter of Bostwick, 160 N. Y. 489, 55 N. E. 208, the decedent had executed certain deeds of trust in which he reserved to himself during his lifetime the power to alter or amend the deeds of trust, to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

withdraw any portion of the trust property, or to exchange any portion of the securities constituting the trust fund. The court said that it was quite clear from the terms of the trust instrument that the donor retained such a control over the trusts as to make evident an intention on his part that the beneficial enjoyment of the property was not to take effect until after his death. The court further said that in the Matter of Masuri the limit was reached beyond which the courts could not go without emasculating the provisions of the transfer tax statute.

In the matter under consideration there is reserved to the donor a certain comprehensive power not reserved in the deed of trust in the Masuri Case, namely, the power to amend the deed of trust. This power to amend must necessarily embrace within its signification the power to withdraw any portion of the trust property or to exchange the securities mentioned in the deed of trust for other securities; the power to change the beneficiaries of the trust fund or the time or in the manner in which the income or corpus of the trust fund should be distributed. These additional powers reserved by the grantor over the trust fund appear to bring this matter within the decision in the Matter of Bostwick, supra.

The application to declare exempt the property constituting the corpus of the trust fund should therefore be denied.