### In re SCHERMERHORN'S ESTATE.

#### (Surrogate's Court, New York County. June 26, 1913.)

TAXATION (§ 879*)—TRANSFER TAXES—LIABILITY.

> A grantor created a trust estate by deed providing that the income should be paid to the cestui for life and at his death that the corpus should be paid to the grantor, but in event of the grantor's death to the grantor's next of kin. The deed also reserved the right in the grantor to modify or revoke it. The cestui survived the grantor. *Held*, that under the tax laws imposing taxes upon transfers in contemplation of death, the corpus of the estate upon the death of the cestui was liable to payment of the transfer taxes, for until the grantor's death his next of kin had no rights in the property.

> [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

In the matter of the estate of William C. Schermerhorn. Application to exempt from taxation a trust fund. Application denied.

Strong & Cadwalader, of New York City, for executors.

Thos. E. Rush, of New York City, for State Comptroller.

FOWLER, S. This is an application to exempt from taxation the corpus of a trust fund passing by virtue of a deed of trust executed by the decedent. The deed was executed in 1902. The decedent was at that time a resident of Rhode Island, but the property transferred by the deed of trust consisted of bonds located in this state. The deed provided that the income from the trust fund be paid to William B. Schermerhorn during his life, and upon his death that the corpus be paid to the grantor, or in the event of the death of the grantor prior to the death of the cestui que trust the corpus to be paid to the grantor's next of kin in the proportion prescribed by the intestate laws of the state of New York. The grantor reserved to himself the right to alter or modify the deed of trust or to revoke and terminate it. He died in 1903 without modifying or revoking it. The cestui que trust died in 1911, and the corpus was then distributed among the grantor's next of kin. They contend that it is not subject to a transfer tax. The transfer tax statute in force at the time the deed of trust was executed provided that a tax should be imposed upon the transfer of property

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

effected by deed or gift intended to take effect in possession or enjoyment at or after the death of the grantor. The corpus of the trust fund created by the deed of trust executed by the grantor could not take effect in the possession or enjoyment of the grantor's next of kin until after his death, because the deed provided that in the event of the death of the cestui que trust during the lifetime of the grantor the trust should terminate and the corpus of the trust fund should be paid to the grantor. Therefore the right of the next of kin to the property transferred by the deed of trust did not become absolute until the death of the grantor. The reservation of a power of revocation or resettlement to new uses by a settlor of an estate is always his property, and in some cases may amount to a fee simple in the settlor. This is well understood by property lawyers. In this matter if the grantor had made an absolute gift of the property and divested himself of all right of ownership in or dominion over it, its transfer would not be subject to a tax, but the fact of his having reserved to himself the right to modify or amend the deed of trust, or to revoke or terminate it, shows that he did not make an absolute gift of the property, and that he could, at any time during his life, have revoked the gift and recovered possession of the property. Until his death, therefore, there was no completed gift to the remaindermen; and as the transfer to the next of kin could not take effect in possession or enjoyment until after the death of the grantor, the property so transferred is subject to a tax. Matter of Cruger, 54 App. Div. 405, 66 N. Y. Supp. 636, affirmed 166 N. Y. 602, 59 N. E. 1121; Matter of Green, 153 N. Y. 223, 47 N. E. 292; Matter of Bostwick, 160 N. Y. 489, 55 N. E. 208.

Application for exemption denied. Submit order designating appraiser.