Matter of the Estate of JOHN M. BOWERS, Deceased.

(Surrogate's Court, New York County, June, 1920.)

*Transfer tax — deed of trust — securities under control of trustee are not " held by the decedent "— Tax Law, § 221-b.*

APPEAL from order assessing the transfer tax.

Scott, Gerard & Bowers (Francis M. Scott, of counsel), for executors and trustees of John M. Bowers.

Paul E. Whitten, for William C. Bowers and Arthur Coppell as trustees.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

Foley, S. There are two appeals from the order assessing the transfer tax in this proceeding, one by the executors and trustees under the will of the decedent, the other by the trustees under deeds of trust and under an ante-nuptial agreement made by decedent, on the ground that the property transferred by certain of the instruments. was not subject to the ordinary transfer tax, and on the further ground that the securities forming part of the property transferred, were not liable to the tax provided for by section 221b of the Tax Law.

The decedent, in the deeds of trust, transferring the property which appellants claim is not taxable, reserved to himself, subject to the separate consent of the trustees, the power of amendment and revocation. Under these conditions the gifts must be considered as transfers which did not become absolute until his death.

It is logical to infer that the trustees, under this reservation, might have consented to the revocation or alteration of the trust at the request of the donor, and the court cannot assume that they would have absolutely refused his request to revoke. The possibility existed.

The fear expressed by the Court of Appeals in the *Bostwick Case,* 160 N. Y. 489, 494, that " if the trust transfers now in question were held to be without the operation of the act, too dangerous a latitude of action would be permitted to persons who desired to evade its provisions by some technical transfer, which would

still leave the substantial rights of ownership in the donor," would be well founded if the donor, to escape taxation of the transfer, could provide for the additional consent of some one who might be entirely subject to his control. The power reserved to the grantor brings this case within the rule laid down in *Matter of Bostwick,* 160 N. Y. 489; *Matter of Ely,* 149 N. Y. Supp. 90, and *Matter of Schermerhorn,* N. Y. L. J., Jan. 26, 1913. The corpus of these various trusts is therefore taxable and the appeal on this ground is denied.

The securities forming part of the trusts and the ante-nuptial settlement, having been under the control of the trustees, and not " held by the decedent " (§ 221b) the obligation of paying a personal tax or having them stamped under the Investment Tax Law was on them and not, during his lifetime, on Mr. Bowers. Cooley Taxation (3d ed.), 660; Tax Law, §§ 8, 336. The provisions of section 221b, imposing a penalty for evasion or non-payment of the personal or investment tax (*Matter of Watson,* 226 N. Y. 384) are, therefore, not applicable to the securities involved here.

The report of the appraiser will be remitted to him for the purpose of revision and correction in accordance with this decision.

Ordered accordingly.