HARRIET W. ROSENAU, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86407.   Promulgated March 15, 1938.

*Fred W. Weitzel, Esq.,* and *Morris H. Goldman, Esq.,* for the petitioner.

*Frank T. Horner, Esq.,* and *Harold F. Noneman, Esq.,* for the respondent.

OPINION.

HARRON: The question presented in this proceeding is whether a transfer in trust wherein the donor reserves to herself a life estate in the net income and the power to name or change the beneficiaries of the corpus of the trust and direct the manner of distributing the corpus and undistributed accumulated income of the trust upon her death, is a gift to the extent of the remainder interests after the donor's death, and taxable under section 501 (a) and (b) of the Revenue Act of 1932. The trust instrument expressly provides that "this document and the trust hereby created" shall be irrevocable by the settlor.

The respondent determined that the present value of the remainder interest is $23,838.81. There is no dispute as to this computation. He contends that petitioner has made a completed gift of the remainder interest which is subject to the gift tax.

The petitioner contends that there was no gift because the settlor had retained the benefit of the property conveyed to a trust during her lifetime and the right to designate the beneficiaries of the property upon her death. We agree with the petitioner.

The respondent relies upon *Thomas E. Wells*, 34 B. T. A. 315; affd., *Commissioner* v. *Wells*, 88 Fed. (2d) 339. This case may be distinguished upon its facts and is not controlling here. In the *Wells* case the taxpayer transferred property by irrevocable trust providing for accumulation of income until the named beneficiary attained the age of 21 years, and payment of income to the beneficiary thereafter until the age of 30, or the death of his mother, whichever occurred first, when he was to receive the corpus. The question there was whether the donor was entitled to the exemption of $5,000, allowed in case of gifts other than of future interests under section 504 (b) of the Revenue Act of 1932. The donor reserved no interest whatever in the corpus and retained no power to name or change the beneficiary to receive the corpus. The beneficiaries of the trust were living and were designated in the instrument.

Here, the settlor reserved a life estate in the trust property and the power to name or change the persons to receive the corpus ultimately. The remaindermen were undetermined. The trust provided for a life estate after the death of the settlor and the remainder to settlor's surviving children or issue of deceased children when they attained 30 years of age when the trust would cease and determine. The question here was not in the *Wells* case and arises under a different section of the statute.

The petitioner relies on *Hesslein* v. *Hoey*, 18 Fed. Supp. 169; affd., *Hesslein* v. *Hoey*, 91 Fed. (2d) 954. In the *Hesslein* case the settlor conveyed property to trustees to pay the income to named beneficiaries during the trust and on its termination upon his death, or his wife's death if she survived him, to distribute the principal among named beneficiaries, or to those whom he might appoint by will if he should survive his wife, and reserved to himself the power to change the beneficiaries and to alter the trust in any manner not beneficial to himself or his estate.

In holding that section 501 of the Revenue Act of 1932 was not intended to impose a gift tax with respect to the corpus of such a trust, the Court of Appeals of the Second Circuit points out that the gift tax and the estate tax are closely related in purpose and structure; the two statutes being in *pari materia, Burnet* v. *Guggenheim*, 288 U. S. 280, and must be construed in conjunction. In the opinion, the Circuit Court says:

* * * Indeed, it would seem that the purpose of the gift tax was to supplement the estate tax and prevent avoidance of it by inter vivos gifts. See Cong. Rec. 72d Cong., 1st Sess., pp. 5691, 5788. * * * Since the primary purpose of the gift tax statute is to supplement the estate tax statute, it is reasonable to construe the former as excluding gifts so incomplete by reason of powers reserved to the donor, as to be expressly made subject by the latter to the estate tax. Section 302 (d), Revenue Act 1926 (44 Stat. 70, 71). * * *

In the *Hesslein* case the court calls attention to the fact that section 510 of the Revenue Act of 1932 makes the donee of a gift personally liable for the gift tax to the extent of the value of the gift if the tax is not paid by the donor and observes that it "seems unlikely that Congress would intend to impose personal liability upon a donee who might thereafter be deprived of all interest in the property at the will of the so-called donor."

Where the settlor of a trust estate reserves the power to change the beneficiaries and designate the persons who shall possess or enjoy the property after his death, the corpus of the trust must be included in his gross estate, section 302 (c) of the Revenue Act of 1926 as amended by Joint Resolution of March 3, 1931. We think this is true where the instrument provides that the trust is irrevocable. Cf. *Porter* v. *Commissioner*, 288 U. S. 436; *Commissioner* v. *Chase National Bank of New York*, 82 Fed. (2d) 157. It seems reasonable therefore to assume that, if the reservation of the power to change the beneficiaries results in a retention of ownership and control sufficient, when cut off by death, to subject the property to the estate tax, the transfer of the property to the trustee subject to the power is not such a complete transfer of ownership as to subject the property to the gift tax. The statute imposes a tax upon "the transfer" of property by gift, cf. *Thomas E. Wells, supra,* but there must be a gift if the tax is to attach.

Where there is a transfer of the present legal title but the reservation of a power in the donor to exercise further dominion and control over the income and corpus the requirements of a gift have not been met. See *Adolph Weil*, 31 B. T. A. 899, and compare *Burnet* v. *Guggenheim*, *supra*.

The respondent's argument gives chief consideration to the situation created by the terms of the trust whereby the petitioner conveyed property to the trust irrevocably, and appears to ignore the additional provision in the trust that petitioner reserved the power to designate in her will the person or persons who should receive the remainder interest. We believe that the reserved power to designate the ultimate remaindermen may not be ignored because the very interest which the respondent seeks to tax may be transferred to beneficiaries not known at the time the trust was created and not ascertainable under the terms of the trust at the time it was created. Further, the petitioner could name an ultimate beneficiary of the remainder interest and receive consideration from such person in return for having exercised the reserved power for benefit of the person giving a consideration. There is nothing to prevent petitioner here, after the time of making the alleged gift, from not only disposing of her life interest in the trust for a consideration, but for exercising the reserved power to designate the beneficiaries of the remainder interest for a consideration.

Viewed from our concept of what constitutes a gift in the light of the relation of the gift tax to the estate tax and our interpretation of the decisions of the courts, we think the respondent erred as contended by the petitioner.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

MURDOCK and TURNER dissent.