ADA SMALL MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88944. Promulgated January 19, 1939.

*Horace N. Taylor, Esq.,* and *Winthrop G. Brown, Esq.,* for the petitioner.

*John R. Wheeler, Esq.,* for the respondent.

#### OPINION.

SMITH: This is a proceeding for the redetermination of deficiencies in gift tax for 1934 and 1935 in the respective amounts of $87,768.18 and $3,649.68. The petition alleges that the respondent erred (1) in including $654,531.62 representing the alleged remainder interest in a transfer made by the petitioner to a trustee on December 3, 1934, under the provisions of which she was to receive the income for her life and upon her death the corpus should be paid over to whomsoever she should devise her real estate at Pride's Crossing, Massachusetts, and (2) that the respondent erred in the determination of the deficiency for 1935 by allowing the deduction of $5,000 instead of $10,000 upon gifts made to two grandsons in that year.

The respondent concedes the correctness of the petitioner's contention upon the second point.

The petitioner is a resident of New York City. On December 3, 1934, she was a widow 76 years of age and had living two sons and a number of grandchildren and great grandchildren. On the date named she executed an indenture of trust under which she transferred to the Bankers Trust Co. of New York City, the trustee therein named, on December 6, 1934, securities constituting the corpus of the trust fund. These consisted of $300,000 face value United States of America Liberty Loan 3½ percent bonds, due 1932-1947, having a fair market value of $310,687.50 at the time of transfer, and 5,000 shares of American Can Co. common stock, having a fair market value at the time of $525,625. Under the terms of the trust indenture the petitioner retains and reserves the income from the trust during her lifetime. The remainder of the trust fund is to be paid upon the death of the settlor to "whomsoever said Ada Small Moore [the petitioner] may leave her

property at Pride's Crossing, Massachusetts, under her Last Will and Testament", and in default of such designation the remainder is to go to the lawful issue of the petitioner in equal shares *per stirpes*. The trust instrument specifically provides that it is created under the laws of the State of New York and shall be governed in all respects by the laws of that state. The trust instrument does not declare that the trust is irrevocable and makes no provision whereby the settlor can revoke the trust.

The question presented by this proceeding is whether the petitioner made a gift in 1934 of any part of the property transferred to the Bankers Trust Co., as trustee under the trust indenture of December 3, 1934. The respondent contends that she did. In his deficiency notice he says:

\* \* \* Under the terms of the trust the income therefrom is payable to Ada Small Moore for life and the remainder at her death was to be paid over to whomsoever Ada Small Moore may leave her property at Pride's Crossing, Massachusetts, under her last will and testament and in default of such devise the corpus of the trust is to be distributed to the settlor's issue surviving at her death in equal shares per stirpes and not per capita. This office holds that the remainder interest in the trust vests in the remainderman even though such interest may later be divested by the exercise of a power of appointment.

Section 501 (c) of the Revenue Act of 1932 provides that the gift tax will not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor. The donor not being the sole beneficiary even though she retained the substantial equivalent of a power of appointment, such power did not prevent the vesting of the remainder in the class designated as takers upon failure of the exercise of the power.

It is to be noted that the trust instrument in the instant case specifically says that it is to be "governed in all respects by the laws of that State [New York]." Under the laws of the State of New York the instant transfer is not a gift because the donee is not named. *Beaver* v. *Beaver et al.*, 117 N. Y. 421; 22 N. E. 940; *In re Bostwick's Estate*, 160 N. Y. 489; 55 N. E. 208; *Vincent* v. *Rix*, 248 N. Y. 76; 161 N. E. 425; *In re Hoyt's Estate*, 86 Misc. Rep. 696; 149 N. Y. S. 91; affirmed without reference to this point, 223 N. Y. 616, 119 N. E. 1083; *In re Babcock's Estate*, 85 Misc. Rep. 256, 260; 147 N. Y. S. 168; *In re Humphrey's Estate*, 191 App. Div. 291; 181 N. Y. S. 169; *Curry* v. *Powers*, 70 N. Y. 212. In the last named case the New York Court of Appeals said:

An absolute gift requires a renunciation by the donor and an acquisition by the donee of all interest in and title to the subject of the gift.

The decisions of this Board are consonant with the above cited authorities. *Adolph Weil*, 31 B. T. A. 899; affd., 82 Fed. (2d) 561; *Dollie M. Stine*, 32 B. T. A. 482; *Delight Ward Merner*, 32 B. T. A. 658.

The contentions of the respondent in this proceeding are the same as those made by him in *Hesslein* v. *Hoey* (C. C. A., 2d Cir.), 91 Fed. (2d) 954; certiorari denied, 302 U. S. 756; and *Harriet W. Rosenau*, 37 B. T. A. 468, and the facts in the last named case are substantially the same as in the proceeding at bar. Upon the authority of those cases it is held that the petitioner is not liable to gift tax in respect of any portion of the value of the securities transferred to the Bankers Trust Co. pursuant to the provisions of the trust indenture of December 3, 1934.

*Judgment will be entered under Rule 50.*