JAY C. HORMEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

GEORGE A. HORMEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 89114, 89115, 93571, 93572.   Promulgated January 31, 1939.

*H. A. Mihills, C. P. A.*, for the petitioners.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies as follows:

*J. C. Hormel*

|  | Year | Deficiency | |
|---|---|---|---|
|  |  | Tax | Amount |
| Docket No. 89114 | 1934 | Gift tax | $9,044.12 |
| Docket No. 93572 | 1934 | Income tax | 8,060.00 |
| Do | 1935 | Income tax | 16,109.70 |

*George A. Hormel*

| Docket No. 89115 | 1934 | Gift tax | $13,205.70 |
|---|---|---|---|
| Docket No. 93571 | 1935 | Income tax | 13,780.00 |

The petitioners created several trusts in 1934 and filed gift tax returns reporting the transfers as subject to gift tax. Thereafter they did not include in their income the income of the trusts, which, under the terms of the trusts, was payable to others. The Commissioner has determined deficiencies in gift tax due to an increased valuation of the stock transferred and, at the same time, he has included the income of the trusts as a part of the income of the grantors. The parties have agreed upon the value of the stock and the petitioners do not resist a gift tax in case the income is not taxable to them. The respondent seems to concede that the gift tax is due only in case the income is not taxable to the grantors. See *Harriet W. Rosenau*, 37 B. T. A. 468. The facts have been stipulated and are hereby found in accordance with the stipulation.

J. C. Hormel created a trust on July 16, 1934, and transferred shares of stock to that trust. He named himself and another as

cotrustees and provided that all net dividends up to, but not to exceed, the sum of $25,000 per year, were to be paid to his wife, Germaine D. Hormel, and all excess dividends were to be paid to himself. The trust was to terminate upon the death of the wife, at which time the corpus of the trust was to become the property of the grantor, his heirs, or persons named in his will. The grantor retained no power to revoke, alter, or amend the trust. George A. Hormel created a similar trust in 1934, under which he and his wife Lillian were the beneficiaries.

J. C. Hormel, on July 16, 1934, created three other trusts naming himself and another as trustees, and conveying to each trust some shares of stock. These trusts were similar to the trusts already mentioned with the following exceptions: Dividends up to, but not to exceed, $2,000 per year, in the case of each trust, were to be paid to the grantor's wife as guardian for one of their minor children, and the guardian was to receive the funds "for the use and benefit of" one of the children; excess dividends were to be paid to the grantor; and each trust "shall be automatically revoked and shall terminate at the expiration of three years from and after the date hereof" or upon the earlier death of either of the beneficiaries.

The explanation given in the deficiency notices for taxing to the grantors the income of the trusts which was payable to others, is that section 166 of the Revenue Act of 1934 applies. That section is entitled "Revocable Trusts" and provides:

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

Each of these trusts was irrevocable. At no time during the period of the existence of any trust was there vested in the grantor, either alone or in conjunction with any other person not having a substantial adverse interest, or in any person not having a substantial adverse interest, a power to revest title to any part of the corpus of the trust in the grantor. The fact that title to the trust corpus was to revest in the grantor or his heirs upon the termination of the trust does not serve to bring it within section 166. *John Edward Rovensky*, 37 B. T. A. 702; *Meredith Wood*, 37 B. T. A. 1065; *Henry A. B. Dunning*, 36 B. T. A. 1222. The trust in the *Wood* case was for a period of three years. The question of the applicability of section 166 was discussed in the above cited cases and requires no further discussion

here. The respondent recognizes that those decisions are against him but argues that they should not be followed. However, we choose to follow them.

The respondent does not suggest that the line of cases beginning with *Douglas* v. *Willcuts*, 296 U. S. 1, has any application to the income of the trusts payable to the wife, but he does argue that the principle of those decisions is applicable in the case of the income of the trusts for the benefit of the children, which income he says is taxable to the grantor under section 167. The Board has already considered a similar contention in the cases of *Henry A. B. Dunning, supra,* and *Ralph L. Gray,* 38 B. T. A. 584. We held in those cases that, where a grantor created a trust and provided that the income from the trust was payable to or for the use of a beneficiary, without any restriction as to the use which might be made of the income, the income was not taxable to the grantor even though he owed a duty of support, maintenance, or education to the beneficiary. The Circuit Court of Appeals for the Second Circuit took the same view in *Shanley* v. *Bowers,* 81 Fed. (2d) 13. We thus drew a distinction between such cases and cases like *Douglas* v. *Willcuts, supra; Helvering* v. *Schweitzer,* 296 U. S. 551; *Helvering* v. *Blumenthal,* 296 U. S. 552; *Helvering* v. *Coxey,* 297 U. S. 694; *Helvering* v. *Grosvenor,* 85 Fed. (2d) 2, where the grantor expressly required that the income be used to discharge some obligation which he owed to the recipient. No authority is cited which has held that income is taxable to a grantor where he has failed to require that it be used to discharge an obligation of his. Cf. *Hudson* v. *Jones,* 22 Fed. Supp. 938; *E. E. Black,* 36 B. T. A. 346; *Martin F. Tiernan, Trustee,* 37 B. T. A. 1048.

The trust instrument in the *Gray* case provided that the corpus of the trust was to be divided into three equal parts; one called the wife's share, another called the son's share, and another called the daughter's share. The following provision of the instrument relates to the use which was to be made of the income from the son's share until he reached the age of 22, and there was a similar provision in regard to the income from the daughter's share:

The net income from the Son's Share shall be paid, quarter-annually as nearly as practicable, to the said Anna Marie Gray until such time as the son of the Settlor, Stewart Sill Gray, shall reach the age of twenty-two (22) years or until the death of the said Stewart Sill Gray if the said Stewart Sill Gray shall die before reaching the age of twenty-two (22) years, provided that if prior thereto, the said Anna Marie Gray shall die or the marriage relation between the said Anna Marie Gray and the Settlor shall be terminated, then from and after the date of her death or the date of such termination of said marriage relation, the net income shall be paid and/or expended for the benefit of the said son of the Settlor, Stewart Sill Gray, and/or accumulated all as hereinafter provided. So long as the said Stewart Sill Gray shall remain a

minor, the Trustee shall have the discretion to pay the net income or such part thereof as the Trustee in his, its or their discretion shall determine and at such periods and in such installments as the Trustee in his, its or their discretion shall determine, to the natural guardian or the testamentary guardian or any other guardian or curator of the said Stewart Sill Gray and/or to expend so much thereof as the Trustee in his, its or their discretion shall determine for the use and benefit of the said Stewart Sill Gray and/or to accumulate so much of the net income as the Trustee in his, its or their discretion shall determine, such accumulated income, if any, to be later distributed or expended or to become a part of the principal of the Son's Share as the Trustee in his, its or their discretion shall determine. The Trustee's determination shall be final and conclusive upon all parties interested in the Trust Estate.

The income of the children's shares was to be paid to them directly after they became 22 years of age, and there were provisions for distribution of the principal to them also. We held that the income was not taxable to the grantor.

The grantor here merely left the income for the use and benefit of his minor children. It is difficult to conceive how he could have placed less restriction on its use and at the same time have indicated that it was to be theirs alone. He did not require that the income be used for their maintenance, support, or education. Thus, it could have been used freely in any way whatsoever for their use and benefit, without violating the terms of the trust instrument. Although the present record does not show whether or not any of the income was actually used for their support, maintenance, and education, that circumstance is important only in contrast with the *Dunning* and *Gray* cases, where it appeared affirmatively that some of the income had been used voluntarily by the recipients for the support, maintenance, or education of the grantors' wives or children, and we nevertheless held that the income was not taxable to the grantor. We hold, following the *Dunning* and *Gray* cases, that the income of these trusts was not taxable to the grantor. Cf. *John Edward Rovensky, supra.*

Cases have been presented to the Board involving trusts created for short periods where the grantor has reserved to himself practically all of the substantial benefits as owner of the property, and the Board has held that such trusts are lacking in substance to such an extent that the income is taxable to the grantor. See *Estate of A. C. O'Laughlin*, 38 B. T. A. 1120, and cases there cited. The respondent does not argue that those cases are applicable here and obviously they are not, because here the trusts were not lacking in substance during the three years of their existence. In the case of each of these trusts the income was actually paid in accordance with the provisions of the trust instrument. They did not leave to the grantor any substantial rights and interest in, control over, or management of the trust property during the existence of the trusts. The grantor could not use the trust property for

his own benefit or enjoyment. Thus, these trusts can not be disregarded and it can not be said that they fall within section 167 because a part of the income of the trusts might be distributed to the grantor or held for future distribution to him.

Reviewed by the Board.

*Decisions will be entered under Rule 50.*

---

OPPER, dissenting: Section 167, Revenue Act of 1934, provides:

(a) Where any part of the income of a trust—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

then such part of the income of the trust shall be included in computing the net income of the grantor.

A distribution for the grantor's benefit, as for example the payment of an obligation of support owed by him, is the equivalent of a distribution to him. *Douglas* v. *Willcuts*, 296 U. S. 1; *Helvering* v. *Coxey*, 297 U. S. 694; *Commissioner* v. *Grosvenor*, 85 Fed. (2d) 2. Regulations 86 issued under the 1934 Act is declaratory of the same principle.[1]

The wife here has no interest adverse to petitioner in the distribution of the income from the children's trusts. *Reinecke* v. *Smith*, 289 U. S. 172. As the majority opinion concedes, she could have expended it for the support of the grantor's infant children, for which he was responsible, *Knutson* v. *Haugen*, 191 Mich. 420; 254 N. W. 464, with no resulting violation of her trust. *Gasquet* v. *Pollock*, 1 (N. Y.) App. Div. 512; 37 N. Y. S. 357; see *Bird* v. *Newcomb* (Va. 1938), 196 S. E. 605, and cases there cited. And if she did so it is clear as it was in *E. E. Black*, 36 B. T. A. 346; *Martin F. Tiernan*, 37 B. T. A. 1048; *Hudson* v. *Jones*, 22 Fed. Supp. 938, and *Com-*

---

[1] ART. 167–1. *Trusts in the income of which the grantor retains an interest.*—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) \* \* \* The test of the sufficiency of the grantor's retained interest in the trust income, \* \* \* is whether the grantor has failed to divest himself, \* \* \* of every right which might, by any possibility, enable him to have the income, at some time, distributed to him, actually or constructively. \* \* \*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

If the grantor has retained any such interest in the income, such income is taxable to the grantor regardless of—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(4) whether, if such distribution results in the inuring of benefits to the grantor from the application of the income in satisfaction of his legal obligation, such obligation is \* \* \*, to support dependents, \* \* \* to furnish maintenance, and support or otherwise;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

*missioner* v. *Grosvenor*, *supra*, that to that extent at least the discharge of an obligation of the grantor would require that the income be treated as his. The petitioner "was responsible for the minor children's maintenance and support, so that the transfer \* \* \* correspondingly relieved him of his statutory duty. Such relief made him, to that extent, a beneficiary. *Savage* v. *Commissioner* (C. C. A.) 82 Fed. (2d) 92." *Clark* v. *Commissioner* (C. C. A., 3d Cir.), 84 Fed. (2d) 725, 726.

The trusts for the benefit of petitioner's children thus fall squarely within the terms of the statute, as it has been construed, and of respondent's regulation. The statutory requirement that one thus benefited shall be taxed on that benefit has been relieved only to a limited degree; that is, the extent to which a petitioner can show, first, that there was no agreement express or implied by the grantor and the guardian or trustee that any part of the income should be devoted to the discharge of the grantor's obligation of support, *Henry A. B. Dunning*, 36 B. T. A. 1222, 1231, 1232; and, second, that even if there be no such agreement the avails of the trust have not in fact been applied to any such purpose. *E. E. Black*, *supra; Martin F. Tiernan*, *supra*. While it may be conceded that there was no express provision in the trust deed requiring that the income be spent to benefit the grantor, that was possible in the wife's discretion. On the authority of the cases last cited that evidence, of which the majority so easily disposes, was accordingly the pivotal, the controlling issue. For the sole fact which would foreclose a determination in favor of respondent would be that actually no part of the trust income was so used, a fact which, like any other, could have been proved by petitioner. His omission leads logically to the inference that it was not the fact, and legally to the result that his failure of proof requires affirmance of the respondent's determination. *Commissioner* v. *Grosvenor*, *supra*.

This decision, therefore, seems to be nothing more than an overruling of the *Black* and *Tiernan* cases in favor of the supposed doctrine of *Ralph L. Gray*, 38 B. T. A. 584 and *Henry A. B. Dunning*, *supra*. The confusion and inequity inevitable in any such result may be demonstrated by what has actually occurred in the history of those very proceedings. Not only was acquiescence in the *Black* decision announced by respondent (1937—2 C. B. 3), but on the strength of that decision respondent's counsel published an opinion to the effect that such trust income is taxable to the grantor only to the extent that it is actually distributed for the support of those to whom the grantor owes that duty. 1937—2 C. B. 231, G. C. M. 18972. And that opinion has been cited as authority by at least one District Court in a case very similar to this. *Hudson* v. *Jones*, *supra*.

Finally, the proposed conclusion finds no support in the *Dunning* and *Gray* cases on which the majority relies. The contrast made fundamental by the statute between the discretion of a beneficiary and that of a fiduciary, see *Reinecke* v. *Smith, supra,* furnishes a complete distinction from anything in those cases, which, at least in their published form, are identical with each other in their facts and conclusions. The finding in the *Gray* case (p. 585) that "There is no provision anywhere in the trust instrument designating the manner in which any of the income shall be expended by the wife", is controlling, regardless of the unpublished record reproduced and reconstrued in the prevailing opinion. *The San Simeon* (C. C. A., 2d Cir.), 63 Fed. (2d) 798, 802. Thus, in both the *Dunning* and *Gray* cases the application of the income resided in the discretion of the wife, who was the beneficiary. That she chose to apply some part of the income to the expenses of the household was immaterial because the statute never came into operation. Her discretion was that of a person with "a substantial adverse interest." Here the wife, in whose discretion the income can be applied for the grantor's benefit, has no interest whatever adverse to the grantor.

The majority is quite evidently confusing the two independent factors which must be considered in cases of this kind. It can not hold that payment of the children's maintenance is not constructive receipt by the grantor without disregarding *Douglas* v. *Willcuts, supra.* On the other hand, it can not, without violating the express language of section 167, hold that such distribution to the grantor, being the result of a discretion exercised by one not adversely interested, is not taxable to the grantor. But it is enabled to reach its desired result by applying to a decision of the first question—the *Douglas* v. *Willcuts* principle—cases where only the second question was involved, *Henry A. B. Dunning* and *Ralph L. Gray, supra;* and by disregarding the cases where the relevant issue was considered, *E. E. Black* and *Martin F. Tiernan, supra.*

For the reasons stated I am compelled to note my dissent from that part of the majority opinion which holds that the income from the trusts for the benefit of the children is not taxable to petitioner. Had the opposite result been reached it would have been unnecessary to consider the further question of the effect of the short period for which these trusts were created. On this point I have grave doubts of the correctness of the prevailing opinion and it seems to me it is contrary to what we said not so long ago in *Frances Marshall Canfield et al., Executors,* 31 B. T. A. 724.

TURNER, MELLOTT, HILL, DISNEY, HARRON, and KERN agree with this dissent.