*Decision will be entered under Rule 50.*

MARTIN BECK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99439. Promulgated December 20, 1940.

*Ben Herzberg, Esq.*, for the petitioner.
*Arthur W. Carnduff, Esq.*, for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency of $7,172 in gift tax for the calendar year 1935. The Board adopts as its findings of fact the facts as stipulated by the parties.

The petitioner created an irrevocable funded insurance trust on August 6, 1935, and transferred to the trustee securities having a value in excess of $172,000, together with seven policies of insurance upon his life. The deed of trust provided that the net income of the trust should be applied during the lifetime of the petitioner to the payment of the net premiums, after deducting dividends, upon the policies. Any additional income was to be distributed among the wife of the petitioner and his two daughters. They were also to receive all of the income after the petitioner had died. The proceeds of the policies were to be held in the trust. The trust was to continue during the lives of the wife and the two daughters, with

remainders over and no possibility of reverter in the grantor. One of the policies assigned to the trustee was fully paid. The other six were ordinary life policies calling for the payment of annual premiums during the life of the petitioner. There were no loans against the policies when they were assigned to the trust. The total net annual premiums on the six policies amounted to $6,779.37. The anticipated income from the securities was slightly in excess of that amount. The petitioner filed a gift tax return in which he reported the value of the securities and the policies as of the date of the gift and deducted $48,926.65. He explained that the latter amount was the capitalized value of the income necessary to pay the premiums during his life, and, since he had to include in his income that portion of the income of the trust, the amount mentioned had to be deducted in order to arrive at the net taxable gift. The Commissioner, in determining the deficiency, disallowed the deduction of $48,926.65.

The Commissioner contends that he did not err in including the entire value of the securities and the policies in the taxable gift. The petitioner contends that the taxable gift was a lesser amount, arrived at by deducting from the total used by the Commissioner, an amount representing the value at the date of the gift of the amounts which would subsequently be required to pay the annual premiums on the policies during the life of the petitioner. The method of computing that value is not in dispute. The petitioner points out that the income necessary to pay the annual premiums on the policies during his life will be recognized as his income and will be taxed to him as his income. Sec. 167 (a) (3), Revenue Act of 1934; *Burnet* v. *Wells*, 289 U. S. 670. It is unbearably inconsistent, he argues, to tax the value of that income as a gift from him in 1935 and thereafter to tax those payments as his income. He concludes that the 1935 value of the payments must be excluded from the taxable gift.

Although the income tax and the gift tax should not be interpreted with indifference to their double application, nevertheless, they are quite different, one from the other, and Congress has not achieved such mutual exclusiveness in the two taxes as the petitioner would find ideal. The petitioner in the case of *Katherine S. Rheinstrom,* 37 B. T. A. 308; affd., 105 Fed. (2d) 642, provided, *inter alia*, that 10 percent of the income of a trust which she created was to be held by the trustees as a fund from which they, in their absolute discretion, might make payments to her. The Board rejected her argument, that she had made no gift of that 10 percent of the income but had reserved a life estate in it, and held that the value of the 10 percent should be included in the net taxable gift. The case of *Edward*

*Rayne McComb Herzog*, 41 B. T. A. 509, is similar. Yet income, which in the discretion of a trustee may be paid to the grantor, is taxable to the grantor under section 167. The petitioner in the case of *Commissioner* v. *Krebs*, 90 Fed. (2d) 880, was held liable for gift tax upon property transferred to a trust, the income of which was to be used for the support, maintenance, and education of his three children, while in the cases of *Commissioner* v. *Grosvenor*, 85 Fed. (2d) 2, and *Schweitzer* v. *Commissioner*, 296 U. S. 551, reversing 75 Fed. (2d) 702, the income from similar trusts was held to be taxable to the grantors. See also the remarks of the court in the last paragraph of *Commissioner* v. *Prouty*, 115 Fed. (2d) 331. The argument of the petitioner that the value of the payments must be excluded from the taxable gift because it would be inconsistent to so tax them and later include them in his taxable income is too broad. See, however, the second paragraph of the Board's opinion in *Jay C. Hormel*, 39 B. T. A. 244; reversed, 111 Fed. (2d) 1; certiorari granted, 311 U. S. 626.

The petitioner made an absolute transfer of title to the securities and the insurance policies. However, not all transfers of title without consideration are taxable gifts. The gift tax is aimed only at transfers of title which have the quality of a gift. *Burnet* v. *Guggenheim*, 288 U. S. 280. The Commissioner has consistently recognized that the quality of a gift is lacking where the transferor retains a definite interest for himself, such as a life estate or a remainder in the property which he has transferred, and the Commissioner does not attempt to tax as a gift interests retained and not donated by the transferor. *Ada Small Moore*, 39 B. T. A. 147; *Harriet W. Rosenau*, 37 B. T. A. 468; *William T. Walker*, 40 B. T. A. 762; *Emily Trevor*, 40 B. T. A. 1241; *Edward Rayne McComb Herzog*, *supra;* *Katherine S. Rheinstrom*, *supra;* *Cushman* v. *Hoey* (U. S. Dist. Ct., S. Dist. N. Y., Nov. 26, 1938); *Rasquin* v. *Humphreys*, 308 U. S. 54. Congress, in enacting the gift tax, was aware that "the essence of a transfer had come to be identified more nearly with a change of economic benefits than with technicalities of title." *Burnet* v. *Guggenheim*, *supra.* Therefore, this transfer must be examined to see whether the petitioner retained an interest in the use of the income for the payment of premiums on his life insurance so that there was no more than a technical change of title in regard to that income without a sufficient change in economic benefits to constitute a taxable gift.

Section 219 (h) of the Revenue Act of 1924, like section 167 (a) (3) of the Revenue Act of 1934, provided that any part of the income of a trust which was to be applied to the payment of premiums upon policies of insurance on the life of the grantor was to be included in the income of the grantor. The Supreme Court in *Burnet* v. *Wells*,

*supra*, held that that provision was constitutional. Wells created irrevocable funded insurance trusts similar to the one involved herein and transferred to those trusts income producing securities and insurance policies on his own life. The premiums on the policies were to be paid from the trust income. The Government argued that Wells had not made an outright gift of the income. The Court stated that a policy of insurance is a contract to which the insured is a party and in which he retains certain rights and interests. It further said:

> Income permanently applied by the act of the taxpayer to the maintenance of contracts of insurance made in his name for the support of his dependents is income used for his benefit in such a sense and to such a degree that there is nothing arbitrary or tyrannical in taxing it as his.

The Court pointed out that Wells might have created a trust for the payment of all of the items in his family budget, in which case there would be no doubt about taxing the income as his, but, instead, he picked out one item of the budget, the cost of continuing his contracts of insurance. The Wells trusts, created before the passage of the Revenue Act of 1924, were not subject to gift tax. But the Court, in a footnote, had this to say in that connection:

> Whether they would have been subject to that tax if they had been created at a later date is a question not before us. There is no inconsistency between a gift to take effect in enjoyment upon the death of a grantor and the reservation of benefits to be enjoyed during his life.

The Court in the *Wells* case reached the conclusion that the insured in such cases, by providing that the income of the trust shall be used to pay premiums on policies of insurance on his own life, has reserved to himself economic benefits in the property. If those benefits are of sufficient importance to justify taxation to him of the income used to pay the premiums, then it is difficult to see why they are not of sufficient importance to prevent the imposition of a gift tax.[1] In other words, the petitioner in effect reserved to himself a life estate in the income sufficient to pay the premiums on his contracts of insurance. Cf. Federal Taxation of Personal Life Insurance Trusts, 44 Yale Law Journal 1409, 1420–23; The Federal Gift Tax, 40 Columbia Law Rev. 773. We have seen that the value of a retained life estate must be subtracted before the value of the taxable gift can be determined. It follows that the present petitioner made a gift of less than the total value of the securities and insurance policies

---

[1] The case of *Commissioner* v. *Krebs, supra,* would appear on its face to be to the contrary, but the question now decided and the possible effect of the *Wells* case were not considered in the *Krebs* case. See also *Jay C. Hormel, supra,* where the Commissioner conceded that the gift tax was due only in case the income was not taxable to the grantors.

at the time of the transfer.[2]  Cf. *Jay C. Hormel, supra.*  Since the respondent does not contest the petitioner's method of computing his retained interest in the trust property, we shall adopt it for the purposes of this case.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

HARRON concurs only in the result.

ARUNDELL dissents.

---

[2] Premiums paid by the insured upon policies of life insurance upon his own life, which he had transferred to a trust, were taxed as gifts when made in the case of *Jack L. Warner,* 42 B. T. A. 954.  See also Regulations 79, art. 2, ¶(6), as amended.  The payments by the present petitioner, when made, may be taxable gifts.  Thus the entire transfer would be subjected to gift tax eventually.