CORONA FLUSHING COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42827.   Promulgated April 29, 1931.

*Arthur S. Johnson, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, and *T. G. Histon, Esq.*, for the respondent.

OPINION.

SMITH: In so far as material hereto, section 212(d) of the Revenue Act of 1926 provides that:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case * * * of a sale or other disposition of real property, if * * * the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. As used in this subdivision the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

The petitioner contends that the actual cash received, or the amount of the initial payments, was less than one-fourth of the purchase price and that this transaction is within the purview of the statute. The respondent takes the position that the initial payments amounted to more than one-fourth of the purchase price and that the income from the sale can not be reported upon the installment basis. There is no controversy as to the amount of the profit. The question then is whether the initial payments amounted to $8,040 as the respondent contends, or to only $7,581.48 as the petitioner claims. One-fourth of the purchase price of $32,000 is $8,000.

The petitioner actually received $8,040, but at the same time turned back to the purchaser $458.52 as allowances upon the closing of title. The petitioner argues that the purchaser assumed payment of these items and that the parties merely "made change" by swapping checks. If the items, aggregating $458.52, were in fact assumed by the purchaser there might be some ground for excluding these items from the initial payments, as we did in *Katherine H. Watson et al.*, 20 B. T. A. 270. The petitioner cites that case as controlling here. The *Watson* case is distinguishable; there the purchaser assumed the payment of similar items, made no payments thereon in the taxable year, and the record discloses no disagreement as to the amount of the initial cash payment. In the instant

case the contract of sale sets forth initial payments totaling $8,040— $3,000 upon the signing of the sales contract and $5,040 upon the delivery of the deed. With much particularity the contract of sale, which the petitioner's witness testified was absolutely carried out, sets forth the liabilities assumed by the purchaser and the time after which such liabilities accrued against the purchaser. The petitioner agreed to convey the property to the purchaser free of all encumbrances, except as provided in the contract. The purchaser assumed the taxes and assessments due or becoming liens after April 27, 1926, and agreed that interest on the mortgages would be computed as of June 25, 1926, the date the title was closed.

Interest on the first mortgage up to June 25, 1926, was a liability of the petitioner under the sales agreement. The allowance of $256.05 for " Roosevelt Ave. assessment, 4th Instal." is not shown to be one of the six installments assumed by the petitioner, and the next item of " Int. Sept. 1, 1925 to June 25, 1926 " supports the inference that the petitioner had to discharge that item. Taxes for the years 1924 and 1925, and interest thereon to the date of the deed, in the amounts set forth in the statement, appear to be liabilities of the petitioner in accordance with the sales agreement. The 1926 taxes were apportioned up to April 27, 1926, and interest thereon computed to the date of the deed in accordance with the terms of the contract of sale. All of these items, totaling $458.52, were liabilities which the petitioner had to discharge before it could convey the property free of encumbrances. Instead of discharging these liabilities by payment directly to the proper parties, the petitioner paid the amount over to the purchaser, who then took the property subject to the liens for unpaid assessments, taxes, and interest. Neither the purchase price nor the amount of the initial payment by the purchaser was affected by such payment. The parties to the sale might have handled the transaction in a different manner or in such a way as to bring it within our decision in *Katherine H. Watson et al., supra,* but, as we said in *Anna M. Harkness,* 1 B. T. A. 127, 130:.

* * * It seems to us to be fundamentally unsound to determine income-tax liability by what might have taken place rather than by what actually occurred. Even though the practical effect may be the same in either case, the resulting tax liability may be quite different. *United States* v. *Isham,* 17 Wall. 496. * * *

The petitioner received initial payments in an amount greater than one-fourth of the purchase price, which was not reduced by the payment back to the purchaser of an amount for liabilities which the petitioner should have discharged, and is therefore not entitled to report its income from this sale upon the installment basis.

*Judgment will be entered for the respondent.*