WAGEGRO CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82077.   Promulgated November 22, 1938.

*William R. Green, Jr., Esq.,* and *Jerome R. Hellerstein, Esq.,* for the petitioner.

*Philip M. Clark, Esq.,* for the respondent.

OPINION.

STERNHAGEN: 1. The petitioner, in accounting on its return for the gain from the sale of the Yosemite shares, used the installment basis recognized in the Revenue Act of 1932, section 44 (b). The Commissioner refused the use of the installment basis and included in petitioner's income for the fiscal year ended May 31, 1933, the difference between the "proceeds of sale of stock $850,000" and the "cost and other expenses of sale" $156,627.06, as "profit from sale $693,-472.94."

In our opinion, the petitioner is clearly entitled to use the installment basis. This was a "casual sale of personal property for a price exceeding $1,000", in which "the initial payments did not exceed 40 percentum of the selling price." The $750 fee paid by the purchaser in discharge of the vendor's obligation to the law firm must be regarded as part of the purchase price. *McInerney* v. *Commissioner*, 82 Fed. (2d) 665; *Corona Flushing Co.*, 22 B. T. A. 1344. The fact is that, as provided in the original offer and acceptance, the purchaser paid the fee in discharge not of its own obligation, but in discharge of petitioner's obligation to the law firm. This was tantamount to a payment from the purchaser to the seller, and must be so treated. See Law of Federal Income Taxation, Paul and Mertens, vol. 1, § 912. Its use to discharge what might be called a "selling expense" of the seller does not alter the fact that it was a

prescribed part of the consideration of the sale and that it was in effect received by the seller in the year of sale, thus fulfilling the statutory definition of an "initial payment." In Regulations 77, article 352, the rule is laid down that:

* * * Commissions and other selling expenses paid or incurred by the vendor are not to be deducted or taken into account in determining the amount of the "initial payments," the "total contract price," or the "selling price."

This applies in its terms to the treatment of amounts paid by the vendor and has no relation to amounts received, actually or constructively, by the vendor from the purchaser. We are here considering not the treatment to be applied to the $750 as paid by the vendor to the lawyers, but as received by the vendor from the purchaser. The dual conception of the direct payment by the purchaser to the vendor's obligee which the law recognizes for other income tax purposes must be preserved here as well. The rule of article 352 appears to have been applied without contest to the $677.06, and perhaps it should be applied also to the $750 payment constructively made by petitioner to the law firm. But as a part of the consideration constructively received by petitioner for the sale, it must be regarded as an initial payment of the installment sale.

Since there was what the statute recognizes as an initial payment, it is not necessary to decide the question, elaborately argued, whether the "installment basis" may be used if no payment whatever is received in the year of sale.

2. The Commissioner disallowed the deduction taken by the petitioner on its return of $16,500 as compensation paid to its officers. The petitioner assails the disallowance and has undertaken to support the deduction by proving that the payment was made and that the amount was no more than reasonable compensation for the services which were performed. To this end it offered the oral testimony of Wallace Groves and George Groves. It can not be said, however, that the evidence establishes that the amounts paid were no more than reasonable, the defect of evidence being in an inadequate description of the services performed. The Commissioner, presumably after an investigation of the facts, held that there was no evidence before him to show that the amounts were paid for services rendered. There is, however, in the present record uncontradicted evidence that the payments were made and also some evidence that some services were performed. The disallowance of the entire deduction may not, therefore, be sustained.

It does not follow, however, that because the evidence shows that some services were performed it must be held that the entire amount paid was properly deducted. To establish the deductibility of salaries over the Commissioner's adverse determination the taxpayer

must prove not only that the salaries were paid, but also that they were reasonable compensation for the services performed. *Becker Brothers* v. *United States*, 7 Fed. (2d) 3; *Doernbecher Manufacturing Co.*, 30 B. T. A. 973, 983; affd., 95 Fed. (2d) 184; *East St. Louis Finance Co.*, 34 B. T. A. 1085. This is especially true where the alleged salary is paid by a corporation to one who owns all of its shares, and also, although perhaps to a slightly less degree, as to a salary paid by such a corporation to the brother of the principal shareholder. Under such circumstances the mere statement by the two brothers that they believed the amounts to be commensurate with the value of their services, even though not contradicted, is not *per se* determinative of its deductibility. Neither of the brothers testified with any accuracy as to the specific services which he rendered to the value of their services, even though not contradicted, is not *per se* determinative of its deductibility. Neither of the brothers testified with any accuracy as to the specific services which he rendered to this corporation during the year in question, and the general language in which their activities for the corporation were described establishes finding, however, is required in recognition of the evidence that some services were performed, "bearing heavily * * * upon the taxpayer whose inexactitude is of his own making." *Cohan* v. *Commissioner*, 39 Fed. (2d) 540, 544. The finding has been made, therefore, that $3,000 is "a reasonable allowance for salaries or other compensation for personal services actually rendered" to the petitioner. So much may be deducted, and the Commissioner's disallowance as to the rest is sustained.

*Decision will be entered under Rule 50.*