Lorraine Manville Gould Dresselhuys, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 88887.   Promulgated June 6, 1939.

*Mark Eisner, Esq.,* and *Ferdinand Tannenbaum, Esq.,* for the petitioner.

*E. O. Hanson, Esq.,* and *Harold F. Noneman, Esq.,* for the respondent.

### OPINION.

Disney: This proceeding involves liability for gift tax.   Deficiency was determined in the amount of $15,000.24 (of which only $4,337.89 is now in issue) for the year 1934.   The facts are stipulated, and will be set forth herein only so far as necessary to consideration of the issue presented.   That issue is whether petitioner made two gifts, each of the present worth of the right to receive $25,000 at age 35, one to a person aged 18 years, the other to a person aged 19 years.   There is no disagreement as to the valuation, so that the only question presented is as to whether gifts were made.

Property was on January 30, 1934, transferred to a trustee, with directions to make a payment of $25,000 to each of two children, upon the attainment by each of the age of 35 years, with the provision, however, that the payments were to be made only if the husband of the donor should execute and file with the trustee a formally acknowledged written consent to the payment, and, in case donor's husband should have died prior to the attainment of age 35 by the child involved, then only if the donor should execute and file with the trustee similar written consent to the payment.   If neither donor nor her husband should execute and file the written consent, the $25,000 upon the termination of the trust should revert to donor, or, if deceased, to her estate, but if both donor and her husband should be deceased at the attainment of age 35 by the child involved the obligation of the trustee to make payment would be absolute.

Does this situation show gift, within the purview of section 501 of the Revenue Act of 1932? Though the parties discuss section 501 (c) of the Revenue Act of 1932, we find consideration thereof unnecessary to determination of the issue here, which is whether *transfer by gift* is involved at all. If so, the tax is applicable. Petitioner cites cases as to the general question of conditional gifts. Respondent emphasizes the element of mere possibility of reverter as to any dominion by the grantor, under the thought expressed in *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39; and *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48, construing estate tax law, and adds reference to *Burnet* v. *Guggenheim*, 288 U. S. 280, as to similar treatment of the law as to gift tax. The case last cited states: "The two statutes are plainly in pari materia", and proceeds to consider the concept of transfer as essentially the same in both statutes, and as "identified more nearly with a change of economic benefits than with technicalities of title." There is undoubtedly close connection between the gift tax and the tax upon transfers that take effect at death, as also dwelt upon in the case last cited, and each statute is a complement to the other; nevertheless we think that the respondent's application of *Helvering* v. *St. Louis Union Trust Co.*, *supra; Becker* v. *St. Louis Union Trust Co.*, *supra;* also *Rothensies* v. *Cassell, Executor*, 103 Fed. (2d) 834, is not valid here. In order for the statute to apply there must be a gift, in trust or otherwise, direct or indirect. Here, although the property was placed in trust, the trust would terminate at a certain time and the corpus here involved would return to the donor, unless a certain event took place, upon which event, and only in which event, the gift was effected, to wit, the execution of a written consent, primarily by the donor's husband, and secondarily in case of his death, by the donor. In the absence of such affirmative action, the child took nothing from the trust. We think that, under primary principles as to the nature of gifts, such a positive condition precedent dictates that here there was no gift. A gift must be complete, subject to no condition precedent, or it is void, is no gift at all. Citation of authority is hardly necessary, so uniform and elementary is the rule. *Klein* v. *United States*, 283 U. S. 231; *Halbert* v. *Halbert*, 21 Mo. 277. Although it is true under many cases that the revenue law is not to be too closely inhibited by strict legal rights, nevertheless we think it can not fairly be thought that section 501 of the Revenue Act of 1932, merely because it involves gifts, should be given the effect of taxing conditional gifts which under uniform interpretation can not be said to constitute gifts. Moreover, section 510 of the Revenue Act of 1932 provides that the tax may fall upon the donee, to the extent of value of gift, which indicates well, we think, that there must be a

donee possessing something to tax. There was no such donee in this case. Moreover, we think *Burnet* v. *Guggenheim, supra,* bears out petitioner's theory when properly applied to this proceeding. If in that case a gift was effected when a settlor canceled a power of revocation, we think that herein the gift would be effected only if the husband filed the consent, or when, after the death of donor's husband, she so filed, or gave up the power to fail or refuse to give written consent to the payment to the child—but in the absence of such action, which would of course entail a wholly new provision in, or modification of, the trust instrument, the child could not secure the payment. This only serves to emphasize that the original trust agreement did not provide a gift.

We therefore conclude and hold that the Commissioner erred in applying section 501 of the Revenue Act of 1932 and in determining the deficiency herein involved. Nevertheless, because of another element in the proceeding which it has not been necessary herein to discuss,

*Decision will be entered under Rule 50.*