EMILY TREVOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89820. Promulgated December 22, 1939.

*Rollin Browne, Esq.*, and *George H. Craven, Esq.*, for the petitioner.
*Harold F. Noneman, Esq.*, for the respondent.

### OPINION.

TYSON: This proceeding involves a deficiency of $37,803.26 in petitioner's gift tax liability for the year 1935. The two issues are (1) whether in creating a trust in 1935, with reservation to herself of the income for life, the petitioner made a gift of certain future interests subject to tax within the meaning of section 501 of the Revenue Act of 1932 as amended by section 511 of the Revenue Act of 1934; and (2) if so, the value of the property involved for gift tax purposes.

The stipulation of facts is incorporated herein by reference, but only such of those facts as are deemed necessary for determination of the issues involved are set out in this opinion.

On August 9, 1935, the petitioner, a resident of New York, New York, made, executed, and delivered a trust agreement with the Royal Trust Co. of Montreal, Canada, as trustee, and transferred to the latter, in trust, certain foreign stocks and securities having a value of $437,795.15 on that date.

The trust agreement directed the trustee to hold, manage, invest, and reinvest the principal of the trust during the "trust term" of 21 years after the death of the last survivor of the settlor, the settlor's brother, and two nephews of the settlor, and to apply the net income of the trust to the use of the settlor during her life, then to the use of her brother during his life, and after the death of the survivor of the settlor and her brother, to the use of the issue of the settlor's brother in a certain manner. The trustee was further directed, upon termination of the "trust term", to pay over the principal thereof to the then living issue of the settlor's brother.

The sixth article of the trust agreement provided:

This trust shall be irrevocable, except that the Settlor reserves to herself the right at any time and from time to time after the expiration of a period of ten '(10) years from the date hereof, with the consent in writing of the Trustee, * * * to amend or revoke this Agreement and the trust hereby created, either in whole or in part. * * *

At the time of such transfer in trust the petitioner was 61 years of age. It is stipulated that, as shown by the actuaries' or combined experience tables of mortality, the life expectancy of a person aged 61

is 13.18 years; that the value of the right to receive $1 in the event that a person aged 61 should die within 10 years is 30.724 cents; and that the value of the unconditional right to receive $1 on the death of a person aged 61 is 61.163 cents.

The respondent determined, and now contends, that the transfer in trust on August 9, 1935, for the benefit of the settlor's brother and others constituted a completed gift *in praesenti*, subject to gift tax; that the value of the property transferred in trust was $437,-795.15; and, the settlor having reserved a life interest, that the value of the gift was $267,768.65, representing the present worth of the unconditional right to receive $1 at the death of a person aged 61, that is, $437,795.15 times the factor .61163.

On the first issue petitioner contends (1) that no completed gift *in praesenti*, and thus no taxable gift, was made upon the creation of the trust on August 9, 1935, because under the settlor's reserved power of revocation, after 10 years, the transfer of the future interest was not complete and might never be consummated; and (2) that because the transfer of the future interest was to take effect only at the settlor's death, the value of the trust corpus would be includable in her estate subject to estate taxes, and, the gift tax and estate tax laws being *in pari materia* and mutually exclusive, there can be no gift tax liability on the transfer in question.

By the trust instrument the petitioner, as grantor, reserved to herself a present life interest in the income of the trust and provided that certain future interests in the income and corpus of the trust should go to certain ascertainable persons upon the happening of certain events. That transfer in trust is irrevocable for a period of 10 years, after the lapse of which period, and not until then, the settlor would have the right to revoke or amend the trust with the consent of the trustee. Such trustee is a person not having any adverse interest in the disposition of the trust corpus or the income therefrom. *Reinecke* v. *Smith*, 289 U. S. 172, and *Witherbee* v. *Commissioner*, 70 Fed. (2d) 696; certiorari denied, 293 U. S. 582.

Contrary to petitioner's first contention, we hold that the principle announced in *Burnet* v. *Guggenheim*, 288 U. S. 280, that "a power of revocation accompanying delivery would have made the gift a nullity" is not decisive of the instant case. There the grantor reserved in the instrument creating the trust the unrestricted power of revocation from the date of the instrument and the Court held that it was not until a subsequent cancellation of such power that a completed gift was made. Here, the grantor did not possess any present power of revocation immediately after the transfer in trust was made and could not thereafter have become vested with such power unless she survived the lapse of a 10-year period, a contingency over which she had no

control. A power conditioned upon a contingency does not presently exist, *Corning* v. *Commissioner*, 104 Fed. (2d) 329, and *John Edward Rovensky*, 37 B. T. A. 702.

Having held that the grantor's reserved power of revocation after a lapse of 10 years was not a presently existing power, we must next consider whether, under the provisions of the trust instrument, the transfer of the future interests here involved is otherwise embraced within the scope of the gift tax statute. That statute is not aimed at every transfer without consideration, but, instead, embraces only such tranfers as have the quality of consummated gifts, *Burnet* v. *Guggenheim*, *supra;* that is, absolute *inter vivos* transfers *in praesenti* of the donor's title, dominion, and control of the subject matter of the gift to the donee. Cf. *Heiner* v. *Donnan*, 285 U. S. 312. Although the two statutes are not always mutually exclusive, the gift tax statute and the estate tax statute are closely related in structure and purposes, are *in pari materia*, and must be construed in conjunction to ascertain the character of transfers intended to be embraced in each statute, respectively. The gift tax statute does not embrace a transfer which is so incomplete as a gift *inter vivos* when made, that the same transfer is, by the estate tax statute, expressly made subject to estate tax because intended to take effect at the death of the transferor. *Sanford's Estate* v. *Commissioner*, 308 U. S. 39; *Rasquin* v. *Humphreys*, 308 U. S. 54; *Burnet* v. *Guggenheim*, *supra;* *Hesslein* v. *Hoey*, 91 Fed. (2d) 954, certiorari denied, 302 U. S. 756; *Lorraine Manville Gould Dresselhuys*, 40 B. T. A. 30; *William T. Walker*, 40 B. T. A. 762; *John S. Mack*, 39 B. T. A. 220; and *Harriet W. Rosenau*, 37 B. T. A. 468.

The trust agreement clearly evidences the grantor's intention that the future interests should vest in certain ascertainable persons only in the event of her death either prior to the lapse of a period of 10 years after August 9, 1935, or thereafter, if she died before the power to alter or revoke was exercised. After the execution of the trust agreement the beneficial remainder, as well as the life estate, was left vested in the grantor and the future interests here in question were interests contingent upon the death of the grantor, whether it occurred prior to the lapse of 10 years, or subsequent thereto without a revocation or alteration of the trust. It is apparent that the death of the grantor, within a given time, was the indispensable event which would bring the future interests here involved into being, that the transmission of such interests would be by reason of the grantor's death, and that upon such event the property so transferred would be includable in her estate under the provisions of the estate tax statute, *Klein* v. *United States*, 283 U. S. 231. The fact that here the grantor retained a vested remainder distinguishes the instant case from *Becker*

v. *St. Louis Trust Co.*, 296 U. S. 48, and *Helvering* v. *St. Louis Trust Co.*, 296 U. S. 39, wherein the grantor had merely a possibility of reverter of the remainder and the event of the grantor's death merely changed that possibility into an impossibility.

We conclude that the transfer of future interests here involved was a conditional transfer to take effect only at death of the grantor and, being includable in her estate, upon her death, as a transfer by reason of her death, it was not a completed transfer by gift *in praesenti* on August 9, 1935, within the meaning of section 501 of the Revenue Act of 1932, as amended by section 511 of the 1934 Act. Cf. *Hesslein* v. *Hoey*, *supra; John S. Mack*, *supra*. Accordingly, petitioner is not liable for gift tax on any portion of the value of the property she transferred in trust on August 9, 1935, and the respondent erred in his determination of the deficiency in controversy.

In view of the disposition we have made of the first issue herein, it becomes unnecessary to consider the second issue.

*Decision will be entered for the petitioner.*