ESTATE OF GILES W. MEAD, DECEASED, ARTHUR L. ERB AND ELISE G. MEAD, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97566. Promulgated February 20, 1940.

*Dana Latham, Esq.*, for the petitioners.
*Byron M. Coon, Esq.*, for the respondent.

## OPINION.

Kern: The first issue presented for our decision involves, substantially, the same question that was decided by the Supreme Court in *Estate of Sanford* v. *Commissioner*, 308 U. S. 39, whether in the case of an *inter vivos* transfer of property in trust, the donor reserving to himself the power to designate new beneficiaries other than himself, the gift becomes complete and subject to the Federal gift tax at the time of the relinquishment of the power.

In the *Sanford* case the donor in 1913 created a trust of personal property for the benefit of named beneficiaries, reserving to himself the power to terminate the trust in whole or in part or to modify it. In 1919 he surrendered his power of revocation, reserving the right to modify the trust, but provided that such reservation should not be construed to include any right in the donor to withdraw principal or income from the trust. In 1924, after the effective date of the gift tax statute, the donor renounced his remaining power to modify the trust. The court held that the gift became completed and taxable only upon the donor's final renunciation of his power to modify the trust.

The facts in the case before us bring it squarely within the decision of the *Sanford* case, *supra*, and upon the authority of that decision we hold that the renunciation by the decedent, in 1937, of his power to alter or amend the trust instrument resulted in the completion of a taxable

gift with respect to the corpus of the trust to the extent of its fair market value at the date of the renunication of the power. Since the petitioner has offered no evidence of the value of the assets of the trust as of that date, the determination of the respondent is approved.

The second issue presents the question of whether the distribution by the trustee to Elise G. Mead, the beneficiary under the trust instrument of both the A and B trusts, resulted in taxable gifts by decedent in the amounts so distributed during the respective years before us. This issue arises from the determination by the respondent that each distribution of trust income made to the beneficiary, prior to the renunciation by the grantor of his reserved power to change beneficiaries, constituted a completed gift to her by the grantor in the amount distributed.

The respondent cites *Hesslein* v. *Hoey*, 91 Fed. (2d) 954; *Porter* v. *Commissioner*, 288 U. S. 436; and *Estate of Sanford* v. *Commissioner*, *supra*, as authority for his determination. In these and related cases cited by the respondent, the question before the court was whether the transfer of the corpus became completed and subject to tax on the termination of the reserved power to modify the trust either by renunciation of the power or by death of the donor.

The issue here involves only the income from the trust property and as we view the case the rationale of the decisions applicable to gifts of corpus is not controlling. Our attention has not been called to any decided case precisely in point. The argument of the respondent that the gift of income was completed when distribution was made by the trustee, "even though the first step of the gift may have been taken when the trust was established" is ingenious, but, in our opinion, is untenable under the facts before us.

The instrument creating the trust entitled the beneficiary to the net income of the property held in trust during her lifetime or until the donor exercised his power to change beneficiaries. She thus became the owner of an equitable interest in the corpus of the trust property, subject to being divested by the happening of a subsequent event. Cf. *Blair* v. *Commissioner*, 300 U. S. 5; *Brown* v. *Fletcher*, 235 U. S. 589; *Irwin* v. *Gavit*, 268 U. S. 161. By virtue of this interest in the corpus of the trust she was entitled to enforce the trust, to have a breach of trust enjoined, and to require the net income to be paid over to her by the trustee. The interest was present property, alienable like any other in the absence of a valid restraint upon alienation. *Blair* v. *Commissioner*, *supra*. Since the net income was currently distributable to her, it became her property within the meaning of the taxing statutes at the time of its receipt by the trustee. *United States* v. *Arnold*, 89 Fed. (2d) 246. The reserved power of the donor did not affect the quantum of her interest. It only made its duration contingent upon the exercise of the power by the decedent to change benefi-

ciaries. The termination of the power in 1937 merely removed the contingency. In this situation it is obvious that when net income from trust property accrued there arose an obligation of the trustee to distribute such income to the beneficiary of the trust. The distribution was in satisfaction of that obligation and not a gift of income to the beneficiary by the donor of the trust at the time of distribution. We hold that the amounts distributed are not taxable as gifts of the donor in the respective years before us.

It should be borne in mind that the trust involved herein is not a revocable trust of such a nature that the income therefrom would be taxable to the donor. *Knapp* v. *Hoey*, 104 Fed. (2d) 99; *Ellsworth B. Buck*, 41 B. T. A. 99. Since the income will not be considered for purposes of taxation as having been received by the donor of the trust, it would appear illogical to consider it as being the subject of a gift from the donor of the trust to the beneficiary.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

Murdock, dissenting: I dissent from that part of the opinion which holds that the periodic payments of income were not gifts.

---

Opper, dissenting: I feel obliged to question the soundness of the majority opinion in its second phase—that which deals with the taxation as gifts of the periodic payments of income.

Section 501 (c) of the Revenue Act of 1932 [1] describes certain circumstances under which a transfer of principal is excluded from the category of taxable gifts; prescribes the change in that situation which will render the transfer taxable; and concludes:

* * * and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift.

We know that a reservation of the right to change beneficiaries prevents a gift of principal from being sufficiently complete to invoke the tax, *Hesslein* v. *Hoey*, 91 Fed. (2d) 954, (C. C. A. 2d Cir.), certiorari denied, 302 U. S. 756; and that only the renunciation of that right by *inter vivos* action or at death is considered definitive, *Estate of Sanford* v. *Commissioner*, 308 U. S. 39; see *Burnet* v. *Guggenheim*,

---

[1] (c) The tax shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift.

288 U. S. 280; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339. In fact, that is the majority view in this case. Why then is no correlative principle applicable to the intervening payments of income so that these become complete and taxable as gifts only when they actually inure to the benefit of a specific grantee?

It matters little whether the principle of the cases cited is that complete control over the designation of beneficiaries is equivalent to that power to "revest in the donor" as to which the statute is articulate; or whether such control is so fundamentally opposed to the concept of a gift that as a matter of general law the tax would be inapplicable to such arrangements even in the absence of any express exception in the statute. Cf. *Burnet* v. *Guggenheim*, *supra*. Under either hypothesis, it is clear that the rule of *expressio unius* is not to apply strictly to the exemptions specified in 501 (c). The donor need not be a potential beneficiary of the principal in order to defer the tax until a definite grantee is ascertainable. Why need he be of the income?

I can not read the applicable authorities except as establishing that the gift tax provisions are suspended until it can be determined whether the grantor is an "Injun giver." He might have been such here as to the payments of income, no less than with respect to the corpus, until each completed transfer put it beyond his power of recall. Are we to say that, before this, the beneficiary's ownership of future income was more secure than her equitable interest in the principal?

The majority's conclusion is stated to derive in some degree from the assumed proposition that the grantor was not taxable on the trust income. It is thought this renders it anomalous to treat as a gift from him that which he never received. But it seems to me by no means clear that the grantor must be regarded as immune from taxation on income of this nature, for the reasons stated in the dissenting opinion in *Ellsworth B. Buck*, 41 B. T. A. 99, particularly the last paragraph thereof. And certainly if one's dominion over these fruits be sufficiently real it is of little moment whether they pass physically through his hands. *Lucas* v. *Earl*, 281 U. S. 111; *Douglas* v. *Willcuts*, 296 U. S. 1; *Saenger, Inc.* v. *Commissioner*, 84 Fed. (2d) 23 (C. C. A., 5th Cir.); certiorari denied, 299 U. S. 577.

SMITH and HARRON agree with this dissent.