# 1266

MARRS McLEAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VERNA HOOKS McLEAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 91171, 91170. Promulgated May 28, 1940.

*W. A. Bolinger, Esq.,* and *L. J. Benckenstein, Esq.,* for the petitioners.

*Frank B. Schlosser, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner has determined deficiencies in gift taxes and penalties for failure to .file timely gift tax returns, as follows:

| Year | Marrs McLean | | | Verna Hooks McLean | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Deficiency | Penalty | Total | Deficiency | Penalty | Total |
| 1932 | $9, 575. 85 | $2, 403. 75 | $11, 979. 60 | $9, 222. 56 | $2, 315. 71 | $11, 538. 27 |
| 1933 | 6, 321. 04 | 1, 723. 32 | 8, 044. 36 | 6, 127. 66 | 1, 674. 48 | 7, 802. 14 |
| 1934 | 4, 757. 02 | None | 4, 757. 02 | 4, 722. 21 | None | 4, 722. 21 |

The parties have filed a stipulation of all of the facts, which is hereby adopted as the findings of fact. The petitioners concede that they are liable for penalties for failure to file timely gift tax returns for 1932 and 1933 based upon the deficiencies in tax, if any, due for those years. The respondent now concedes and the petitioners agree that the respondent should have increased the net gifts for the year 1932 by only $4,232.50 in the case of Marrs McLean and by only $3,322.09 in the case of Verna Hooks McLean. No issue for decision by the Board relating to the year 1932 remains.

The petitioners contend that the transfers made in 1933 were made for an adequate and full consideration in money or money's worth and, therefore, are not subject to gift taxes. The petitioners have resided in Texas since 1919 and have been husband and wife during all of that time. They each executed a deed of trust in 1932. Marrs McLean joined *pro forma* in the deed executed by his wife. The trustee in each case was directed to pay .the net income of the trust to the spouse of the settlor at the election of the spouse until the death of the settlor. The trust was then to terminate and the property was to be delivered to the spouse. But if the spouse pre-

deceased the settlor and was survived by their daughter, Ruth McLean, or her issue, then the trust income was to be paid to Ruth, or her issue, until the death of the settlor. The trust corpus was to be paid to Ruth, or her issue, in accordance with a stated plan upon the death of the settlor. No part of the trust income or corpus was to revert to the settlor under any circumstances. The settlor reserved no power to revoke, alter, or amend the trust either alone or in conjunction with any other person. The petitioners transferred certain securities to this trust on September 27, 1933. The securities had a fair market value of $104,150 and had belonged to the marital community. The letter of transmittal to the trustee stated that the grantors had divided the securities equally between themselves and directed that one-half, or $52,075 in value, should be added to each of the trusts.

There is no statement in the stipulation to the effect that the transfer by Marrs was in consideration of the transfer by his wife, or vice versa. Neither is there any statement in the stipulation that the trusts themselves were created one in consideration of the other. The fact that the trusts were created at the same time and contained reciprocal provisions does not prove that one was created in consideration of the other, and the fact that the transfers were in equal amounts and made at the same time does not show that one was made in consideration of the other. If any agreement existed between the petitioners for the creation of the trusts and for the transfers, that fact would be best known to them and they should have proved it. We may not assume any fact for their benefit. Cf. *Lehman* v. *Commissioner*, 109 Fed. (2d) 99, affirming 39 B. T. A. 17, where the burden was to show lack of consideration and it appeared as a fact that there was consideration. Likewise, the amount of the consideration, if any, was a matter of proof. Cf. section 503 of the Revenue Act of 1932. The record does not show that the transfers of 1933 were made for an adequate and full consideration in money or money's worth. We are unable to say that the transfers to the trusts were other than absolute gifts. Cf. *Fish* v. *Commissioner*, 75 Fed. (2d) 769, affirming 27 B. T. A. 1002.

The petitioners created two trusts on December 29, 1934, which contained reciprocal provisions. Marrs joined *pro forma* in the trust deed executed by his wife. Marrs transferred securities having a fair market value of $222,310.37 on December 29 and December 31 to the trust created by him. Verna, on the same dates, transferred securities having a value of $221,157.36 to the trust created by her. The securities transferred had been a part of the petitioner's community estate, but they entered into an agreement prior to the transfers which purported to change the securities from community property into separate property. These transfers were considered by the Board in

**1268** 

*Marrs McLean,* 41 B. T. A. 565. ' We there held that the property became the separate property of the petitioners and the transfers to the trusts were valid.

Each of the trust instruments executed on December 29, 1934, directed the trustee to accumulate and reinvest the trust income for a period of ten years, or until the death of the settlor, whichever occurred first, upon the happening of which the trustee was authorized to pay to the settlor's spouse, for life, all, part, or none of the annual net income of the trust, at that spouse's election. The trust corpus, plus any accumulated income, was to be distributed, upon the death of the life beneficiary, to Ruth McLean, the petitioner's daughter, according to a certain plan, and the trust terminated. If Ruth McLean predeceased the life beneficiary without leaving issue, then the entire trust estate was to be delivered to the life beneficiary, but if she predeceased the life beneficiary leaving issue, then such issue were entitled to the remainder interest in the trust upon the death of the life beneficiary. However, if none of such issue survived the life beneficiary, or if Ruth McLean, predeceased by the life beneficiary, left no children or grandchildren surviving her, then the trust estate was to revert to the settlor, if he or she be living, unless Ruth McLean should leave a will disposing of the trust estate, in which event the trust estate was to go as her will directed. Finally, the trust instruments contained identical provisions, except as to the names of the parties, as follows:

The terms and conditions of this trust can be amended by the joint action in writing by Verna Hooks McLean [Marrs McLean], the trustee and the settlor before Ruth McLean attains the age of twenty-one years, but after Ruth McLean attains the age of twenty-one years, then this trust can be amended only by the joint action in writing by Ruth McLean, the trustee, Verna Hooks McLean [Marrs McLean], if she [he] is not deceased, and the settlor, if he [she] is not deceased, provided, however, in no event can any amendment be made at any time that will cause any part of the funds in this trust to be paid to or revert to the use and enjoyment of the settlor, as it is the intent of the settlor and the essence of this trust that the settlor has irrevocably divested himself [herself] of all interest in this trust estate and he [she] is at no future time to have any interest in the trust estate or its income except the reversionary interest herein provided * * *, and provided further that no amendment prior to her attaining the age of twenty-five (25) years shall change the effect of this trust, viz., that Ruth McLean is to receive all of the principal sum or corpus of this trust, regardless of any change that may be made in the disposition of the income, * * *.

The Commissioner, in determining the deficiency for 1934, held that the transfers above described were gifts of $222,310.37 and $221,-157.36, respectively. Here again the petitioners contend that the trusts and the transfers were made one in consideration of the other for "an adequate and full consideration in money or money's worth" and, therefore, did not constitute gifts subject to tax under section

501. Our comments above relating to the 1933 transfers apply here with equal force.

Nevertheless, we conclude that the Commissioner erred in respect to the transfers to the 1934 trusts. The Board recently said in the case of *Emily Trevor*, 40 B. T. A. 1241:

That statute is not aimed at every transfer without consideration but, instead, embraces only such transfers as have the quality of consummated gifts, *Burnet* v. *Guggenheim, supra*; that is, absolute *inter vivos* transfers *in praesenti* of the donor's title, dominion, and control of the subject matter of the gift to the donee. Cf. *Heiner* v. *Donnan*, 285 U. S. 312. Although the two statutes are not always mutually exclusive, the gift tax statute and the estate tax statute are closely related in structure and purposes, are in *pari materia*, and must be construed in conjunction to ascertain the character of transfers intended to be embraced in each statute, respectively. The gift tax statute does not embrace a transfer which is so incomplete as a gift *inter vivos* when made, that the same transfer is, by the estate tax statute, expressly made subject to estate tax because intended to take effect at the death of the transferor. *Sanford's Estate* v. *Commissioner*, 308 U. S. 39; *Rasquin* v. *Humphreys*, 308 U. S. 54; *Burnet* v. *Guggenheim, supra; Hesslein* v. *Hoey*, 91 Fed. (2d) 954; certiorari denied, 302 U. S. 756; *Lorraine Manville Gould Dresselhuys*, 40 B. T. A. 30; *William T. Walker*, 40 B. T. A. 762; *John S. Mack*, 39 B. T. A. 220; and *Harriet W. Rosenau*, 37 B. T. A. 468.

The grantor in the case of each of these 1934 trusts retained a possibility of reverter. That is, the corpus of the trust was to revert to the settlor in case the settlor survived the spouse, the daughter, and all issue of the daughter. The 1934 trust deeds gave the daughter power to defeat all possibility of reverter by will. However, in 1934 she was a minor who could not make a valid will, and under the trust instrument she was given the right to dispose of the trust property by will only after becoming 25 years of age. Consequently, there was still a possibility of reverter during 1934.

The Supreme Court held in the recent case of *Helvering* v. *Hallock*, 309 U. S. 106, that a transfer in trust with the retention of a possibility of reverter is an incomplete transfer intended to take effect in possession or enjoyment at or after death and may be included in the gross estate of the grantor for Federal estate tax purposes. The principle of the *Hallock* case would seem to apply to these 1934 trusts. Thus the transfers in 1934 were not completed gifts. *Emily Trevor, supra*. The determination of the Commissioner was erroneous. Perhaps the transfers effected completed gifts of some estates less than a fee, but the determination was not made on that basis, the values necessary to any such determination are not in the record and no such issue is suggested by the parties. Cf. *Helvering* v. *Taylor*, 293 U. S. 507. Consequently, the Board expresses no opinion on that possibility. Cf. *Hughes* v. *Commissioner*, 104 Fed. (2d) 144, decided prior to the *Hallock* case.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

TURNER, dissenting: The respondent determined that gifts had been made by petitioners of their entire interests in the funds transferred and computed deficiencies on the basis of their full value. The petitioners have shown that the determination was erroneous in part in that possibilities of reverter were retained and with respect to the possibilities of reverter there were no gifts. They have made no such showing with respect to all other interests in the funds. Regardless of that fact, however, the majority has reached the conclusion that the decision should be for no deficiency, remarking that perhaps the transfers effected completed gifts of life estates but that the determination was not made on that basis. As previously stated, the respondent determined that gifts had been made of the funds in their entireties and such a determination includes a determination of gifts of all component parts, life estates or interests in the said funds. It follows, in my opinion, that petitioners, on the record here, are entitled to be relieved of only such portions of the deficiencies as are attributable to the inclusion as a part of the gifts of the property interests represented by the possibilities of reverter. The petitioners having shown the deficiencies to be erroneous only in part, the entry of a decision that there are no deficiencies is no more defensible than would be the entry of a decision for the full deficiencies under the same circumstances, and it is well settled that the latter may not be done. See *Taylor* v. *Helvering*, 293 U. S. 507; *Cohan* v. *Commissioner*, 39 Fed. (2d) 540; *Wagegro Corporation*, 38 B. T. A. 1225; *Estate of Frank L. Driver, Sr.*, 36 B. T. A. 246; affd., 100 Fed. (2d) 639.

It is my view that if the petitioners are entitled to the decisions indicated by the majority opinion it must be on the ground that each of the transfers was made in consideration of the other and does not therefore constitute a gift.

I am unable to agree with the reasoning of the majority and accordingly express my dissent.