WILLIAM J. McCORMACK, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 88920, 96054. Promulgated March 13, 1941.

*Milton J. Levitt, Esq.*, for the petitioner.
*George R. Sherriff, Esq.*, for the respondent.

926

928

OPINION.

MURDOCK: The income of these trusts for the year 1934 is taxable to the petitioner upon authority of *Helvering* v. *Clifford*, 309 U. S. 331. The slight differences between this case and the *Clifford* case are immaterial and do not serve to distinguish the two cases. *Commissioner* v. *Berolzheimer*, 116 Fed. (2d) 628; *Helvering* v. *Hormel*, 111 Fed. (2d) 1; *Penn* v. *Commissioner*, 109 Fed. (2d) 954. Thus, it is unnecessary to decide whether or not the income would be taxable to the petitioner under section 167 (a) of the Revenue Act of 1934.

The only other issue for decision relates to gift taxes for 1936. The income actually distributed under the trusts is not involved in this issue. The question is, Were there for the first time in 1936 completed gifts of the amounts accumulated in these trusts, which accumulated amounts were to be held for and turned over to the beneficiaries when they became twenty-one years of age? The parties have agreed upon the amount of the accumulated income in each trust. The parties agree that the petitioner made gifts through the

medium of these trusts. The fact that the income is taxable to the grantor is, of course, no reason for holding that the accumulations could not be the subject of a taxable gift in 1936. The petitioner contends, however, that the gifts were completed prior to 1936 and nothing happened in 1936 which would be subject to tax as a gift in that year. We have come to the conclusion that the gifts of the accumulated income were complete for the first time in 1936. This conclusion can be supported on each of two grounds. The first is that there was to be no gift unless the beneficiaries survived the trusts and the second is that the petitioner retained the power during the continuance of the trusts to expend all of the income of the trusts and thus avoid the gift of any accumulations.

The only provision for a transfer by gift of the accumulations under either trust is in that part of paragraph II, which provides that the "accumulations, if any", are to be held for the beneficiary, "if" the trust does not terminate by the death of the beneficiary. There is no express provision disposing of the accumulated income of either trust in case of termination by the death of the beneficiary. Thus, following the principle of *inclusio unius est exclusio alterius*, there was to be no gift in either trust unless the beneficiary survived the trust. In case the trust was terminated by the death of the beneficiary, the accumulated income, like the corpus of the trust, was to go back to the petitioner. The gift tax applies only to consummated gifts, absolute transfers. Since it was not apparent prior to the termination of these trusts that the beneficiaries would be alive, and therefore entitled to take the accumulations, obviously, they, as donees, should not be personally liable for the gift tax under section 510 of the Revenue Act of 1932 until 1936, when the trusts terminated while they were still alive. There was not a completed gift of the accumulated income until the trusts terminated, but there was a completed gift of the accumulated income of each trust at that time. *Carl J. Schmidlapp*, 43 B. T. A. 829; *Margaret White Marshall*, 43 B. T. A. 99; *Marrs McLean*, 41 B. T. A. 1266; *Emily Trevor*, 40 B. T. A. 1241; *William T. Walker*, 40 B. T. A. 762; *Lorraine Manville Gould Dresselhuys*, 40 B. T. A. 30. Cf. *Helvering* v. *Hallock*, 309 U. S. 106; *Klein* v. *United States*, 283 U. S. 231; *Sanford* v. *Commissioner*, 308 U. S. 39; *Hughes* v. *Commissioner*, 104 Fed. (2d) 144; *Hesslein* v. *Hoey*, 91 Fed. (2d) 954; certiorari denied, 302 U. S. 756; *Van Vranken* v. *Helvering*, 115 Fed. (2d) 709.

The second reason why the gifts of the accumulated income were not complete until 1936 is based upon the retained power of the petitioner to determine whether or not there would be any accumulations at the termination of the trusts. There was no way of determining, prior to the termination of the trusts, how much of the

income the petitioner would see fit to expend or distribute and how much he would permit to accumulate. The decision to use or accumulate the income of these trusts was not required to be made annually. Thus, even though at the end of any particular year some income remained undistributed, nevertheless, there was no assurance that it would not be expended or distributed later. Although the petitioner anticipated that a substantial amount of the income would be accumulated and although his expectations may have been reasonable ones, still, there was no certainty that there would be accumulations and there was no way of determining how much the accumulations might amount to in dollars at the end of the trusts. The petitioner had extremely broad powers to decide whether or not he would expend or distribute the income; that is, he could use the income in any way that he deemed "necessary and proper for the maintenance, education and well-being" of the beneficiaries. The Commissioner argues that this gave him the power to use all of the income up to the very last moment of the life of the trusts to discharge his own obligation to support and maintain his minor children and, consequently, there was no completed gift of any accumulated income from the petitioner to the children until the termination of his power to use that income. Clearly, he could have used much more of the income than he did use. An indication of his power in this connection is found in the fact that the amount which he actually distributed to the mother of the children in 1932 was more than he deemed necessary for their needs during the remaining life of the trusts. Furthermore, there was always the possibility that the income of the trusts might be completely exhausted by some unforeseen need, as for example an expensive illness.

A transfer in trust by a father merely for the purpose of using such of the income as might be necessary for the support of his minor child during infancy would not be a taxable gift, since the father would part with nothing. *Martin Beck*, 43 B. T. A. 147.[1] He would simply have provided that a part of his income was to be used to discharge his own obligation. But if a father directed that the income of a trust should be accumulated during the minority of his child and paid over to the child at maturity, there would be at the creation of the trust a completed gift of an estate for years in the trust property. See cases above cited. The present trusts have some of the characteristics of each of the hypothetical trusts just mentioned. But since it was impossible to say in 1931, when these trusts were created, whether or not there would be any accumulated income upon termination of the trusts, there was no taxable gift of the accumulations at that time. There was at that

---

[1] This point was not decided in *Commissioner* v. *Krebs*, 90 Fed. (2d) 880, mentioned in the *Beck* case.

time no absolute transfer of the donor's dominion and control over the subject matter. *Emily Trevor, supra.* There is, however, some analogy between this case and those cases holding that the termination of the power of a grantor over trust property gives rise to a completed gift. Cf. *Hesslein* v. *Hoey, supra; Burnet* v. *Guggenheim,* 288 U. S. 280; *Sanford* v. *Commissioner, supra.* The gifts of the accumulations were not complete until 1936, when the powers of the petitioner over those accumulations ceased.

We have assumed for the purposes of this decision that the trusts were valid and enforceable under the laws of New York and that the beneficiaries had vested interests in whatever income might be produced during the terms of the trusts. Yet, for the reasons already given, it does not follow that there was any completed gift in 1931 of the accumulated income, as that income was actually disclosed at the termination of the trust. Cf. *Marrs McLean, supra.* The cases of *Estate of Giles W. Mead,* 41 B. T. A. 424, and *Jack L. Warner,* 42 B. T. A. 954, are not in point. The Board held in those cases that annual payments of income to beneficiaries of trusts subject to change were not taxable gifts in the year of payment. The trust deeds in those cases provided for annual payments of income to beneficiaries and it was upon that point that our decisions rested. Here the trustee was not required to make distributions annually or to do anything else upon an annual basis, but could accumulate or distribute at any time and in any amount as he saw fit.

*Decision will be entered under Rule 50.*