EARL C. BOSTEDT AND JOY E. BOSTEDT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5395–75.     Filed June 27, 1978.

*Robert N. Kolb,* for the petitioners.
*William E. Saul,* for the respondent.

IRWIN, *Judge:* The Commissioner determined a deficiency in petitioners' Federal income taxes for the calendar year 1971 in the amount of $8,492. Due to concessions by petitioners, the only issue remaining for decision is whether petitioners' sale of their

motel business qualifies for the installment method of reporting under section 453.[1]

FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts, along with attached exhibits, are incorporated herein by this reference.

The petitioners, Earl C. and Joy E. Bostedt, husband and wife, resided in Santa Cruz, Calif., at the time of filing their petition herein. They filed their joint Federal income tax return for the calendar year 1971 with the Internal Revenue Service Center in Fresno, Calif. Since Joy E. Bostedt is a party hereto solely by reason of having filed a joint income tax return with her husband for the year in issue, Earl C. Bostedt alone will hereafter be referred to as petitioner.

On February 2, 1971, petitioner sold a motel, known as the "Casa Blanca," and elected the installment method of reporting gain from such sale under section 453. The total sales price for the motel was approximately $282,000 and was allocated as follows: $6,500 to the personal property, $250 to goodwill, $56,250 to real property, and the remaining $219,000 to improvements. The adjusted bases of these components were $9,050, 0, $38,735, and $92,275, respectively. The cost incurred by petitioner in selling the property was $13,408, of which $13,100 was allocable to the land, improvements, and goodwill (based upon sales price ratios). The remainder was allocable to the personalty. Of the total selling expenses, $12,750 represented a real estate brokerage commission payable to Carbray & Co.

Part of the sales proceeds consisted of an assumption by the buyers of two notes encumbering the motel property, including improvements, in the amounts of $151,116.51 and $37,768.99. In addition, the sellers received net cash in the amount of $36,318. The remainder of the proceeds consisted of an unsecured personal note to the seller in the amount of $4,000, a third mortgage note to the seller in the amount of $40,364.50, and a fourth mortgage note in the amount of $12,750 to Carbray & Co. in satisfaction of the sales commission owed by petitioner to the brokers in the transaction.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect for the year in issue.

In reporting the sale on his income tax return, petitioner elected the installment method of reporting the gain realized, utilizing the following computation:

(1) Portion of sales price allocable to
    land, improvements, and goodwill[2] ............................. $275,500.00
(2) Amount received in year of sale:
    (a) Cash ......................................................... 35,482.69
    (b) Mortgages assumed ...................... 188,885.50
        Less: Adjusted basis
        (including selling
        expenses allocable to
        these assets)[3] .......................... 144,110.00

        Excess of mortgages
        assumed over adjusted basis................................. 44,775.50
    Total proceeds deemed received in year of sale..................... 80,258.19

Thus, under petitioner's computation, the proceeds deemed received in the year of sale amount to less than 30 percent of the selling price.

Respondent, on the other hand, recomputed the transaction as follows:

(1) Portion of sales price allocable to
    land, improvements, and goodwill ............................. $275,500.00
(2) Amount received in year of sale:
    (a) Cash ......................................................... 35,482.69
    (b) Liability of petitioner
        paid out of sales proceeds ................................... 12,456.75
    (c) Mortgages assumed ...................... 188,885.50
        Less: Adjusted basis (including
        selling expenses
        allocable to these assets) ............ 144,110.00

        Excess of mortgages assumed
        over adjusted basis ......................................... 44,775.50
                                                                      92,714.94

Under respondent's method of computation, petitioner is deemed to have received proceeds in excess of 30 percent (34 percent) of the sales price in the year of sale and cannot qualify for the installment method of reporting under section 453.

---

[2]The amounts set forth in the table are only those portions allocable to the land, improvements, and goodwill. The cash received was allocated based upon the relative selling prices of the components sold. The sale of the personal property resulted in a net loss to which the provisions of sec. 453 are not applicable.
    [3]Both parties assumed the case of *Kirschenmann v. Commissioner*, 488 F.2d 270 (9th Cir. 1973), revg. 57 T.C. 524 (1972), was applicable in computing adjusted basis. Thus, the adjusted basis figure above includes the $13,100 of selling expenses allocable to the land, improvements, and goodwill.

## OPINION

The specific question to be answered in determining whether petitioner can qualify for installment reporting under section 453 is whether the buyer's assumption of the seller's commission liability is a payment received in the year of sale.

Initially, we note that both parties assumed the rule in *Kirschenmann v. Commissioner*, 488 F.2d 270 (9th Cir. 1973), revg. 57 T.C. 524 (1972), would be applicable to the case before us under our rule in *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971).[4] However, while the rule in *Kirschenmann* may be applicable in computing the amount of payment in the year of sale, it is not relevant to a resolution of the issue now before us. Rather, irrespective of the decision in *Kirschenmann*, we must determine whether the vendee's assumption of the vendor's expenses of sale constitutes a payment in the year of sale for purposes of section 453(b)(2)(A).

The effect of the assumption by the purchaser of liabilities of the seller for purposes of section 453(b)(2)(A) has been an area of controversy. The cases which dot this area do not cut clear lines of demarcation. The problem in the case before us involves more than merely deciding on what side of a line the facts in this case may fall; rather, we must determine if there is a line at all.

This Court has consistently held that assumption and payment by the buyer of liabilities of the seller constitutes a payment in the year of sale for purposes of section 453(b)(2)(A). *Horneff v. Commissioner*, 50 T.C. 63 (1968), vacated and remanded by unpublished order (3d Cir. 1969); *Irwin v. Commissioner*, 45 T.C. 544 (1966), revd. 390 F.2d 91 (5th Cir. 1968); *Cisler v. Commissioner*, 39 T.C. 458 (1962); *Hammond v. Commissioner*, 1 T.C. 198 (1942); *Wagegro Corp. v. Commissioner*, 38 B.T.A. 1225 (1938); *Batcheller v. Commissioner*, 19 B.T.A. 1050 (1930). Cf. *Watson v. Commissioner*, 20 B.T.A. 270 (1930). This result was also reached in *Lucas v. Schneider*, 47 F.2d 1006 (6th Cir. 1931), cert. denied 284 U.S. 622 (1931), and *Sterling v. Ham*, 3 F. Supp. 386 (S.D. Me.

---

[4]In *Kirschenmann*, the Court of Appeals for the Ninth Circuit held that selling costs were not a direct offset to sales price but rather were an addition to adjusted basis for purposes of sec. 453. The effect of that decision is to make it easier to qualify for the 30-percent limitation of sec. 453(b)(2)(A) when property sold is subject to mortgages which exceed its adjusted basis in the hands of the vendor.

Respondent states on brief that his acceptance of the rule of *Kirschenmann* is only for purposes of this case and that it in no way indicates acceptance of the correctness of that decision.

1933). Similarly, in *Riss v. Commissioner*, 368 F.2d 965 (10th Cir. 1966), affg. a Memorandum Opinion of this Court, it was held that cancellation of the seller's indebtedness to the purchaser as partial consideration for the purchase constitutes payment received in the year of sale.

However, in some of the more recent cases, several Courts of Appeals have not agreed that assumption and payment of a seller's liability always constitutes a payment in the year of sale. *Irwin v. Commissioner*, 390 F.2d 91 (5th Cir. 1968), revg. 45 T.C. 544 (1966); *United States v. Marshall*, 357 F.2d 294 (9th Cir. 1966); *Horneff v. Commissioner, supra*. But while these more recent cases might be read as entirely disapproving of the position of this Court, we believe their import is much narrower in nature and does not necessarily conflict with our past position in all factual situations. Specifically, we believe that even if we were to accede to the reasoning of these Courts of Appeals decisions, and even though we are here bound to follow the result in *Marshall*,[5] the case before us is distinguishable in a critical factual aspect from the situations which obtained in *Irwin, Marshall*, and *Horneff*. In each of these cases the liabilities assumed and paid were ordinary liabilities of a going business which was sold, and their eventual payment by the purchaser was apparently not part of the purchase price as such.

A practical distinction may be drawn between those situations in which the buyer purchases a business and, thus, a group of assets and liabilities (some of which liabilities are later paid in the ordinary course of business), and those cases in which the purchaser's assumption of or cancellation of the seller's liabilities was *part of the bargained-for exchange*. Judge Tannenwald recognized this distinction when, dissenting in *Horneff*, he stated:

> While there is a theoretical comparability between the facts involved in cases such as *Riss v. Commissioner*, 368 F. 2d 965 (C.A. 10, 1966), affirming a Memorandum Opinion of this Court, *James Hammond*, 1 T.C. 198 (1942), and *Wagegro Corporation*, 38 B.T.A. 1225 (1938), and the factual situation involved herein, there is an important practical difference in that in those cases the payment—either to the third party or to the seller by way of cancellation—occurs simultaneously with or as an integral part of the closing of the sale itself and is not at an indeterminate time after the closing. The compelling

---

[5]Under *Golsen v. Commissioner, supra*, we are bound to follow the rule of the circuit to which appeal of the instant case would lie, i.e., the rule of the Ninth Circuit in *Marshall*.

administrative reasons relative to the difficulty of policing the transaction do not exist. [50 T.C. at 77.]

We believe that the purchaser's assumption of the seller's commission expense liability in the instant case falls within this latter group of cases. In *Wagegro Corp. v. Commissioner, supra,* this Court dealt specifically with the purchaser's assumption and payment of the seller's commission expenses and held that it was part of the payment received by the seller in the year of sale. We stated at pages 1228–1229:

The $750 fee paid by the purchaser in discharge of the vendor's obligation to the law firm must be regarded as part of the purchase price. *McInerney v. Commissioner,* 82 Fed. (2d) 665; *Corona Flushing Co.,* 22 B.T.A. 1344. The fact is that, *as provided in the original offer and acceptance,* the purchaser paid the fee in discharge not of its own obligation, but in discharge of petitioner's [seller's] obligation to the law firm. This was tantamount to a payment from the purchaser to the seller, and must be so treated. See Law of Federal Income Taxation, Paul and Mertens, vol. 1, §912. Its use to discharge what might be called a "selling expense" of the seller does not alter the fact that it was a *prescribed part of the consideration of the sale* and that it was in effect received by the seller in the year of sale, thus fulfilling the statutory definition of an "initial payment." * * * [Emphasis supplied.]

The instant case is factually indistinguishable from *Wagegro Corp.* On the other hand, we find the cases of *Irwin, Marshall,* and *Horneff* distinguishable from the case before us for the reasons discussed above. Accordingly, we hold that a purchaser's payment of the seller's commission expenses as part of the bargained for exchange constitutes payment in the year of sale and petitioner herein fails to qualify for installment sales treatment under section 453. *Wagegro Corp. v. Commissioner, supra.*

*Decision will be entered under Rule 155.*